```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
OPEN SOCIETY JUSTICE INITIATIVE,                                        :
                                                                        :
                                  Plaintiff,                            :
                                                                        :           20-CV-5096 (JMF)
               -v-                                                      :
                                                                        :                ORDER
DEPARTMENT OF DEFENSE, et al.,                                          :
                                                                        :
                                  Defendants.                           :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this case, Plaintiff seeks information regarding the federal government's response to the COVID-19 pandemic pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. In particular, Plaintiff seeks documents from fourteen federal agencies, including the Food and Drug Administration, the Department of Defense, the Department of Health and Human Services, the Centers for Disease Control and Prevention, and the Central Intelligence Agency.

On December 3, 2020, the Court entered a Stipulation and Order approving a minimum processing plan ("Minimum Plan") for twelve of the fourteen agencies. *See* ECF No. 38.[1] Per the Minimum Plan, Defendants are to process responsive records as follows:

- The Food and Drug Administration is to process between 200 and 270 pages per month in December 2020 and January 2021, and thereafter process 1,400 pages per month.

- The Department of Defense, U.S. Indo-Pacific Command, Department of Treasury, Department of Health and Human Services, and Federal Emergency Management Agency are to each process 500 pages per month.

- The Department of State, Centers for Disease Control and Prevention, National Institutes

---

[1] Plaintiff's FOIA requests to the Central Intelligence Agency are the subject of summary judgment motion practice and, thus, excluded from the Minimum Plan. *See* ECF No. 55.

of Health,[2] and Department of Homeland Security are to each process 300 pages per month.

- The Office of the Director of National Intelligence is to process 150 pages per month.

- The Defense Intelligence Agency is to process 20 records or 60 pages per month.

*Id.* ¶ 1. The parties agreed that the Defendant agencies would begin production, if any, on dates between December 7, 2020, and February 22, 2021. *Id.* ¶ 2.[3]

With this Minimum Plan in place, Plaintiff now urges the Court to order Defendants to process at a more accelerated rate. In particular, Plaintiff requests that the Court order each Defendant listed above to immediately begin processing 2,000 pages of responsive records per month, with one exception: Plaintiff requests that Defendant U.S. Indo-Pacific Command process 750 pages per month for December 2020 and January 2021, and then increase its processing rate to 2,000 pages per month beginning in February 2021. *See* ECF No. 61. Plaintiff — who has made expedited processing requests pursuant to 5 U.S.C. § 552(a)(6)(E) — argues that its requests pertaining to the federal government's response to the COVID-19 pandemic are of sufficient urgency and importance to merit expedited processing at Plaintiff's proposed processing rates. *Id.* Defendants oppose Plaintiff's proposal, arguing that the proposal is not practicable and that the Defendant agencies are already working diligently to respond to Plaintiff's requests, which are overwhelming Defendants' resources. *See* ECF Nos. 58, 68.

As the Court noted on the record during a telephone conference held last month, both sides have compelling arguments. On the one hand, Plaintiff is correct that the COVID-19 pandemic is an issue of heightened national importance and urgency. *See* ECF No. 61, at 3-4.

---

[2]  The parties have agreed that the National Institutes of Health and National Institute of Allergy and Infectious Diseases will conduct consolidated processing. *See* ECF No. 61, at 2.

[3]  The Stipulation and Order erroneously lists "February 22, *2020.*" *Id.* ¶ 2.

2

On the other hand, Defendants make a persuasive case that, in light of the pandemic and in-person work restrictions, it is practically impossible to meet Plaintiff's processing demands.  *See* ECF No. 68, at 2-3.  In the Court's view, the proper way to balance these considerations — mindful that, for various reasons (including the fact that at least one vaccine has now been approved for emergency use authorization), the burdens imposed by the pandemic are likely to decline over time — is to require production pursuant to a dynamic plan that begins with the numbers set forth in the Minimum Plan and, unless and until the Court orders otherwise, steadily increases up to (if not beyond) the numbers proposed by Plaintiff.  Accordingly, the Court orders as follows:

- In the first month following the dates listed in Paragraph 2 of the Minimum Plan, each Defendant agency shall process the number of pages agreed to in Paragraph 1 of the Minimum Plan.

- In each month thereafter, each agency shall increase its production rate by 50%, until the processing rate for such agency reaches 2,000 pages per month.  Thus, for example, the Department of Defense shall process 500 pages in the first month, 750 pages in the second month, 1,125 pages in the third month, etc.

- Per the parties' agreement, the Food and Drug Administration shall process between 200 and 270 pages per month in December 2020 and January 2021, and then 1,400 pages per month beginning in February 2021.  Beginning in March 2021, the Food and Drug Administration shall begin processing 2,000 pages per month.

- In accordance with Paragraph 4 of the Minimum Plan, the parties shall bring to the Court's attention any changes that would affect — either positively or negatively — Defendants' ability to process documents at the above rates; in the event that there are changes, any party may seek appropriate relief.

The Court acknowledges that this is an ambitious plan and will impose some burdens on Defendants.  But these burdens must be carried to comply with Congress's goal of broad and timely disclosure.  *See Milner v. Dep't of Navy*, 562 U.S. 562, 571 (2011).  More broadly, Defendants blame their resistance to Plaintiff's proposed processing rates only in part on the COVID-19 pandemic; they also cite a dramatic rise in the number of FOIA requests over the last

few years and insufficient resources to meet those demands.  *See* ECF No. 58, at 3.  The Court does not doubt those numbers.  But to the extent that the agencies lack the resources needed to satisfy the mandate that Congress has imposed on them, the answer is not for courts to roll over and deny plaintiffs the relief they seek under the law; instead, it is for the agencies to seek, and Congress to provide, the resources needed to actually comply with the law.

     SO ORDERED.

Dated: December 15, 2020  
      New York, New York  

                                               JESSE M. FURMAN  
                                       United States District Judge