UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
OPEN SOCIETY JUSTICE INITIATIVE,                                       :
                                                                       :
                              Plaintiff,                               :
                                                                       :         20-CV-5096 (JMF)
                    -v-                                                :
                                                                       :        MEMORANDUM OPINION
DEPARTMENT OF DEFENSE et al.,                                          :            AND ORDER
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In this case, the Open Society Justice Initiative ("OSJI") seeks records from fourteen federal agencies regarding the Executive Branch's earliest responses to the COVID-19 pandemic. Thirteen of the agencies are in the process of producing responsive records. The fourteenth, the Central Intelligence Agency ("CIA"), has — "pursuant to its customary practice," *ACLU v. Dep't of Def.*, 322 F. Supp. 3d 464, 468 (S.D.N.Y. 2018) ("*ACLU III*") — refused to either confirm or deny the existence of documents responsive to OSJI's requests. In a prior Opinion and Order entered on July 15, 2021, familiarity with which is assumed, the Court upheld the CIA's response — known as a "*Glomar* response" — as to several of OSJI's requests. *See Open Soc'y Just. Initiative v. Dep't of Def.*, No. 20-CV-5096 (JMF), 2021 WL 3038528, at *6-7 (S.D.N.Y. July 15, 2021) ("*OSJI*") (ECF No. 90). The Court reserved judgment as to the rest, concluding that the CIA had failed to adequately justify its *Glomar* response but should be given another opportunity to do so. *See id.* at *7. Thereafter, the CIA filed a supplemental memorandum of law, *see* ECF No. 96, and a sixteen-page supplemental declaration from Vanna Blaine, a CIA Information Review Officer, *see* ECF No. 97 ("Supp. Blaine Decl."); OSJI filed a supplemental memorandum of law, *see* ECF No. 99 ("OSJI Supp. Mem."); and the CIA filed a

supplemental reply, *see* ECF No. 104 ("Supp. Reply"), along with a three-page second supplemental declaration from Officer Blaine, *see* ECF No. 104-1 ("2d Supp. Blaine Decl.").

Upon review of the parties' supplemental submissions, the Court upholds the CIA's *Glomar* response pursuant to FOIA Exemptions 1 and 3. Whereas Officer Blaine's initial declaration was "conclusory, vague, and sweeping" in its "assertions about the sensitivities of the CIA's activities and records generally," *OSJI*, 2021 WL 3038528, at *7 (internal quotation marks omitted), her supplemental declaration explains with adequate specificity why compelled responses to each of the remaining requests would reveal information that is both properly classified and protected from disclosure by the National Security Act and thus exempt. *See* Supp. Blaine Decl. ¶¶ 6-19. More generally, Officer Blaine explains that

> [t]aken together, substantive responses confirming or denying the existence of nonexistence of records related to each of [OSJI's] twenty-one specific topics would provide significant insight into the CIA's role, or lack thereof, in the Executive Branch's pandemic response. . . . Were the CIA to issue substantive responses to Plaintiff's request, each confirmation or denial of the existence or nonexistence of records . . . would define the metes and bounds of the CIA's intelligence interests, activities, methods, and capabilities related to the ongoing COVID-19 crisis.

*Id.* ¶¶ 20-21. Giving Officer Blaine's declaration the "substantial weight" it is due, *Osen LLC v. U.S. Cent. Command*, 969 F.3d 102, 115 (2d Cir. 2020), the Court finds her explanations "logical and plausible" and, thus, upholds the CIA's *Glomar* response. *ACLU v. U.S. Dep't of Def.*, 901 F.3d 125, 133-34 & n.9 (2d Cir. 2018) ("*ACLU IV*"), *as amended* (Aug. 22, 2018).

Notably, OSJI does not really dispute that Officer Blaine's supplemental declaration provides sufficient justification for the CIA's *Glomar* response as to each of the remaining topics. Indeed, tacitly conceding the adequacy of the CIA's showing, OSJI now emphasizes that its requests "are not solely related to CIA's intelligence interests and operations," *e.g.*, OSJI Supp. Mem. 3, and asks the Court to order the CIA "to issue a narrowly tailored *Glomar*

response only for the scope of [OSJI's] topics that is fairly and truly deemed to be calling for the revealing of CIA's intelligence interests and activities or lack thereof" and to order disclosure (or a *Vaughn* index) for any other responsive records, *id.* at 7-8. That request is denied. First, granting OSJI's request would undermine the principle that where, as here, a *Glomar* response is justified, "the agency need not conduct any search for responsive documents or perform any analysis to identify segregable portions of such documents." *PETA v. Nat'l Insts. of Health*, 745 F.3d 535, 540 (D.C. Cir. 2014). Second, agencies need not respond to FOIA requests that are "unreasonably burdensome." *NAACP Legal Def. & Educ. Fund, Inc. v. Dep't of Just.*, 463 F. Supp. 3d 474, 484 (S.D.N.Y. 2020) (internal quotation marks omitted). As Officer Blaine explains in her second supplemental declaration, adopting OSJI's reframed proposal would indeed be unduly burdensome on the CIA given, among other things, "the compartmented, decentralized nature of the CIA's records systems, which . . . renders Agency-wide searches practically infeasible." 2d Supp. Blaine Decl. ¶ 5; *see id.* ¶¶ 3-7.[1]

For the reasons stated above and in the Court's July 15, 2021 Opinion and Order, the CIA's motion for summary judgment is GRANTED in full and OSJI's cross-motion for summary judgment is DENIED in full.

SO ORDERED.

Dated: October 22, 2021
New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] These circumstances distinguish this case from those cited by OSJI in which courts have upheld *Glomar* responses only as to part of a FOIA request and ordered disclosure of documents responsive to the rest of the request. *See* OSJI Supp. Mem. 2-3 (citing *PETA*, 745 F.3d at 545; *Prop. of People v. U.S. Dep't of Just.*, 310 F. Supp. 3d 57, 72-73 (D.D.C. 2018); *Poulsen v. Dep't of Def.*, 373 F. Supp. 3d 1249 (N.D. Cal. 2019)).